KRISTIN ZILBERSTEIN, ESQ. (200041)
JENNIFER BERGH, ESQ. (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Office: (949) 427-2010
Fax:  (949) 427-2732
Email: kzilberstein@ghidottilaw.com

Attorneys for Creditor
U.S. Bank Trust National Association, as Trustee
of the Igloo Series III Trust, its successors
and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

In re:

Abraham Valerio
        Debtor.

Case No.  17-52577

MRG-1

Chapter 13

OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN

[TRUSTEE'S PENDING LIST]

Property: 21-21A-21B DICK PHELPS ROAD WATSONVILLE, CA 95076

Case: 17-52577    Doc# 41    Filed: 02/14/18    Entered: 02/14/18 18:27:37    Page 1 of 6

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DEVIN DERHAM-BURK (TR):

U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust ("**Creditor**"), a secured creditor of the above-named Debtor hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtor's real property commonly described as 21-21A-21B DICK PHELPS ROAD, WATSONVILLE, CA 95076 (the "**Property**"), which is Debtor's principal residence.

## I

## STATEMENT OF FACTS

1. On December 3, 2007, Debtor executed a Balloon Note, in favor of Wells Fargo Bank, N.A., with an original interest rate of 6.875% ("**Note**").

2. On December 3, 2007, Debtor executed and delivered to Wells Fargo Bank, N.A., a Deed of Trust, encumbering the Property, recorded on December 18, 2007, in the Official Records of Santa Cruz, California as Document No.: 2007-0063352 (the "**Deed of Trust**").

3. Thereafter, all beneficial interests in the Deed of Trust were assigned by Assignment of Deed of Trust to Creditor.

4. The post-petition monthly mortgage payment owed to Creditor totals no less than $2,235.03 per month.

5. As of, the Petition date, the total to reinstate Creditor's loan totaled no less than $227,974.35.

6. The total payoff of Creditor's loan totaled no less than $869,532.72 as of the Petition date.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because the Plan does not comply with the provisions of Chapter 13 of the United States Bankruptcy Code. Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, Creditor requests that the Court take judicial notice of the bankruptcy schedules filed in connection with the Instant Petition.

**A) DEBTOR'S PLAN RELIES ON SPECULATION AND A FUTURE EVENT:**

Debtor's proposed plan is merely speculative and Debtor asserts that he intends to either sell the Property by October of 2018. Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. *See* In Re Gavia (9th Cir. BAP 1982) 24 BR 573,574; In Re Nantz (BC ED MO 1987) 75 BR 617, 618-619; In Re Fantasia (1st Cir. BAP 1997) 211 BR 420,424; In Re Craig (BC ND OH 1990) 112 BR 224,225.

Debtor has provided himself until October of 2018, or twelve (12) months to sell the Property. At the time of sale Debtor's default will be even greater than it is now. Secured Creditor will have incurred another eight (8) months of taxes and insurance expenses without reimbursement. Debtor's Plan should not be confirmed where Debtor relies solely on a speculative future event.

### B) DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtor's Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $227,974.35. Accordingly, Debtor will be required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor. Since Debtor's Plan does not provide for cure of the default of the pre-petition arrears owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

### C) PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $227,974.35. In order cure the Creditor's pre-petition arrears in sixty (60) months Debtor's monthly plan payment to Creditor must total no less than $3,799.57 per month during months one through sixty in order to promptly cure Creditor's arrears. Debtor merely provides for a payment in the amount of $10.00 to Creditor between month one (1) and month twelve (12).

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows

    a.    The Plan be denied confirmation and the case be dismissed.

DATED: February 14, 2018        THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin Zilberstein, Esq.
Kristin Zilberstein, Esq.
Attorney for U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Kristin A. Zilberstein (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottilaw.com

Attorney for Creditor
U.S. Bank Trust National Association, as Trustee
of the Igloo Series III Trust, its successors
and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| In Re: | ) | CASE NO.: 17-52577 |
|---|---|---|
| Abraham Valerio, | ) | CHAPTER 13 |
| Debtors. | ) | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1

Case: 17-52577   Doc# 41   Filed: 02/14/18   Entered: 02/14/18 18:27:37   Page 5 of 6
CERTIFICATE OF SERVICE

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On February 14, 2018 I served the following documents described as:

- **OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Abraham Valerio<br>21 Dick Phelps Rd., #B<br>Watsonville, CA 95076 | **Chapter 13 Trustee**<br>Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, CA 95150-0013 |
|---|---|
| **Debtor's Counsel**<br>Brette L. Evans<br>Evans Law Offices<br>1150 N First St. #110<br>San Jose, CA 95112 | **U.S. Trustee**<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |

__xx____(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　Executed on February 14, 2018 at Santa Ana, California

/*s / Jeremy Romero*/
Jeremy Romero

2